# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20466

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2015

Lyle W. Cayce
Clerk

Consolidated with Case No. 14-20499

ROBERT R. GLENN, on behalf of himself and all others similarly situated,

> Plaintiff - Appellant

v.

BP, P.L.C.,

> Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3660

Before DAVIS and CLEMENT, Circuit Judges, and ROSENTHAL, District Judge.[*]

PER CURIAM:[**]

On April 27, shortly after its Deepwater Horizon rig exploded in the Gulf of Mexico, Defendant-Appellee BP p.l.c. ("BP") announced that its Board of Directors had declared a quarterly dividend of $0.84 per American Depositary

---

[*] District Judge of the Southern District of Texas, sitting by designation.
[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20466 cons/w 14-20499

Share ("ADS") for the first quarter of 2010, to be payable on June 21 to its ADS shareholders as of May 7. On June 16, BP announced that its Board of Directors had canceled the dividend. Plaintiff-Appellant Robert R. Glenn, a citizen of Oregon, brought this putative class action against BP, a British company headquartered in London, on behalf of himself and all other BP ADS shareholders as of May 7, 2010, arguing that BP's Board of Directors had no legal authority to cancel the dividend under applicable law and BP's own Articles of Association.

BP filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing in part that dismissal was warranted under the doctrine of *forum non conveniens*, which "is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."[1] Under the Supreme Court's framework, a plaintiff's choice of forum will only be disturbed if the court determines, in its "sound discretion," that dismissal is fully warranted after considering "a list of 'private interest factors' affecting the convenience of the litigants, and a list of 'public interest factors' affecting the convenience of the forum."[2]

The district court granted the motion pursuant to the doctrine.[3] The court found that Mr. Glenn's choice of forum was entitled to deference and that the private interest factors weighed only weakly in favor of dismissal, which alone would be insufficient to warrant dismissal. It concluded, however, that the public interest factors—especially the court's need to apply uncertain English law—weighed so heavily in favor of an English forum that dismissal under the doctrine of *forum non conveniens* was warranted.

---

[1] *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947).

[2] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

[3] *Glenn v. BP p.l.c.*, 27 F. Supp. 3d 755 (S.D. Tex. 2014).

2

No. 14-20466 cons/w 14-20499

"The *forum non conveniens* determination is committed to the sound discretion of the trial court" and "may be reversed only when there has been a clear abuse of discretion."[4] We find no such abuse of discretion here. To the contrary, the district court's opinion is well-reasoned and provides ample support for its conclusion. Accordingly, we AFFIRM essentially for the reasons given by the district court.

---

[4] *Reyno*, 454 U.S. at 257.